## Edward Galligan *vs.* Patrick Fannan.

No action lies to recover the proceeds of intoxicating liquors sold in violation of law by one to whom they had been intrusted, for the purpose of being so sold, by the owner.

Contract to recover the proceeds of intoxicating liquors sold by the defendant.

The following facts were agreed in the superior court : The plaintiff, owning a shop in Taunton, gave a lease thereof to the defendant, and supplied the same with a variety of intoxicating liquors and other articles, and employed the defendant on monthly wages to sell the same, the plaintiff replenishing the stock from time to time, and the defendant agreeing to pay to the plaintiff each evening the receipts for the day. Neither of the parties had any license or authority to sell intoxicating liquors, and the plaintiff knew that the sales made by the defendant were illegal. The defendant has paid over to the plaintiff the proceeds of the sales of all other articles except the liquors ; and it was in dispute between them whether he had retained a portion of the proceeds of the sales of the liquors. If, on these facts, the plaintiff could not maintain an action, it was agreed that judgment should be entered for the defendant ; otherwise, that the case should stand for trial.

Judgment was entered in the superior court for the defendant, and the plaintiff appealed to this court.

*C. I. Reed,* for the plaintiff. The money in dispute never belonged to the defendant. Immediately upon the making of the sales, the proceeds became the property of the plaintiff. See *Commonwealth* v. *Coffee,* 9 Gray, 139 ; *Johnson* v. *Willis,* 7 Gray, 164 ; *Breck* v. *Adams,* 3 Gray, 569 ; *Fisher* v. *McGirr,* 1 Gray, 46 ; *Commonwealth* v. *Rourke,* 10 Cush. 397 ; *Ball* v. *Gilbert,* 12 Met. 397. It is not necessary for the plaintiff to prove any illegal contract. The presumption is that the sales were legal. *Spofford* v. *Harlow,* 3 Allen, 178. *Welch* v. *Wesson,* 6 Gray, 505. *Boardman* v. *Merrimack Ins. Co.* 8 Cush. 586. *Armstrong* v. *Toler,* 11 Wheat. 271.

*E. H. Bennett*, for the defendant, cited *White* v. *Buss*, 3 Cush. 448; *Denny* v. *Lincoln*, 5 Mass. 385; *Buck* v. *Albee*, 26 Verm. 184; *Staples* v. *Gould*, 5 Selden, 520; *Perkins* v. *Savage*, 15 Wend. 412; *Hamilton* v. *Canfield*, 2 Hall, (N. Y.) 526; *M'Kinnell* v. *Robinson*, 3 M. & W. 434; *Cannan* v. *Bryce*, 3 B. & Ald. 179.

DEWEY, J.   The question here is not that which is supposed by the counsel of the plaintiff, whether a clerk who in the ordinary employment of his master should receive money from illegal sales could withhold the same on the ground that it was received from illegal sales made in the business of his master. Such a case would not present the circumstances attending the present transaction.   There would be no lease of the shop to the clerk, and no stipulation on his part to pay to his employer each evening the receipts of the day.   The money so received by the clerk would at all times be the money of the master, and in the possession of the master.   We can view the present contract in no other light than as a contract designed to carry into effect an unlawful purpose.   This being so, no action can be maintained upon it, nor can there be a recovery of the money in the hands of the defendant which is the fruit of this illegal agreement. *White* v. *Buss*, 3 Cush. 448, and cases there cited.   In *Toler* v. *Armstrong*, 4 Wash. C. C. 297, it is said that the rule now clearly settled is, "that where the contract grows immediately out of and is connected with an illegal or immoral act, a court of justice will not lend its aid to enforce it."

If money be received by an agent for his principal in the course of an illegal transaction to which both are parties, the latter cannot sue the former for money had and received to his use.   *Nicholson* v. *Gooch*, 5 El. & Bl. 999.

The present is not a case of money coming into the hands of a third party, not connected with the illegal contract, but it is an attempt to recover in a suit at law money received by one who was a party to the original illegal contract, having for its object the selling of intoxicating liquors in violation of law.

Contracts in evasion of license and excise acts are illegal; and any agreement made with the view of enabling the party

to carry on trade without the required license is invalid, and not to be enforced by a court of justice. *Ritchie* v. *Smith*, 6 C. B. 474. It appears by the facts stated that neither the plaintiff nor the defendant had any license or authority to sell intoxicating liquors, and that the sales to be made, as the plaintiff well knew, were in violation of the statutes of Massachusetts. Upon the case stated by the parties, the court are of opinion that judgment should be entered for the defendant.